## Hunter Appeal

*Robert H. Rial*, for appellant.

SCULCO, J., September 23, 1966.—On May 27, 1966, a petition was presented to the Court of Common

Pleas of Westmoreland County, Pa., appealing from an order of the Pennsylvania Game Commission which suspended the hunting license of petitioner, Harry F. Hunter, for a period of five years from September 1, 1966, to August 31, 1971. Petitioner alleged that under section 315, of the Act of June 3, 1937, P. L. 1225, as amended, 34 PS §1311.315, the commission could revoke his license for a period not exceeding three years, that petitioner's constitutional right to remain silent and mandatory provisions of the Game Law providing for a hearing before a justice of the peace were violated, and that the revocation, therefore, was wholly invalid. A hearing de novo on the matter was held on August 5, 1966.

Petitioner's allegation to the effect that the commission is without authority to revoke a license for a period more than three years cannot be sustained. The three year limitation imposed by the legislature upon the commission was by virtue of a 1953 amendment (Act of August 19, 1953, P.L. 1081) to the Game Law of May 24, 1923, P.L. 359. By the Act of June 13, 1961, P.L. 296, 34 PS §1311.731(q)III, the commission is required to deny the right to hunt or trap anywhere in this Commonwealth with or without a license for a period of five years for each bear killed at any time other than during any bear season. We also do not agree that petitioner's rights were in any way violated by his failure to be given a hearing before a justice of the peace. Under the provisions of the Game Law, any person charged with violating any provisions of the act may, in lieu of such a hearing, sign an acknowledgment of the offense committed and pay to any duly appointed and commissioned game protector, or deputy game protector, the fine provided by the act. This is exactly what petitioner herein did, and in accordance with the act, he was furnished with a receipt for the amount of the fine

assessed against him. This field procedure is an expedient substitute for proceedings before a justice of peace and where, as in this case, they are strictly complied with, no hearing before a justice of the peace is required. The procedures provided for in the act are alternative ones.

Petitioner's final argument is to the effect that the revocation is void because he was not advised prior to his signing the acknowledgement of guilt that he had a right to remain silent and a right to counsel.

This court knows of no cases extending these rights in a summary proceeding involving revocation of hunting rights; nor does counsel for petitioner cite any such cases. The revocation of petitioner's hunting privileges and rights for the period of five years by the Pennsylvania Game Commission is sustained, and petitioner's appeal is dismissed.

And now, to wit, September 23, 1966, it is ordered, adjudged and decreed that petitioner's appeal be and the same is hereby dismissed.